UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE X. COOPER, :
:
      Plaintiff :
:
  v. : CIVIL NO. 3:CV-07-620
:
JEFFREY BEARD, et al., : (Judge Kosik)
:
      Defendants :

## ORDER

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Bruce X. Cooper, an inmate confined at the State Correctional Institution at Frackville, Pennsylvania, originally filed this civil rights action in the Court of Common Pleas of Schuylkill County, Pennsylvania. Named as defendants are Jeffrey Beard, Secretary of the Department of Corrections ("DOC"); Robert Shannon, Superintendent of SCI-Frackville; Chaplain B. Brown, Director of Religion at SCI-Frackville; Sharon Burks, DOC Chief Grievance Officer; and Rev. Ulli Klemm, DOC Administrator of Religion and Volunteer/Inmate Services. On March 30, 2007, Defendants removed the action to this court. (Doc. 1.) On April 3, 2007, Defendants filed a motion to dismiss the complaint on the basis of failure to exhaust administrative remedies. (Doc. 2.) A brief in support of the motion was due on or

before April 17, 2007. On said date, Defendants filed a motion for enlargement of time within which to submit their brief. (Doc. 5.) This motion will be granted <u>nunc pro tunc</u> and Defendants directed to submit their supporting brief on or before May 11, 2007.[1]

Also pending is a motion by Plaintiff seeking the appointment of counsel in this case. (Doc. 3.) In support of his motion, Plaintiff states that: (1) he is unable to afford counsel; (2) he is limited in his ability to litigate this case because of his incarceration; (3) the issues involved are complex and the case will likely involve substantial investigation and discovery; and (4) the trial will involve conflicting testimony better handled by a lawyer.

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. <u>Montgomery v. Pichak</u>, 294 F.3d 492, 499 (3d Cir. 2002), citing <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993); <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant

---

[1] On April 11, 2007, Plaintiff filed his brief in opposition to Defendants' motion to dismiss, even though Defendants have not yet filed their brief in support of the motion. (Doc. 4.) In light of such, Plaintiff will be afforded fifteen (15) days following the submission by Defendants of their supporting brief within which to supplement his opposition brief.

2

should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In this case, while Cooper alleges a violation of his First Amendment freedom of religion rights, Defendants have filed a motion to dismiss on the basis of failure to exhaust administrative remedies. Further, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

   1. The plaintiff's ability to present his or her own case;

   2. The difficulty of the particular legal issues;

   3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

   4. The plaintiff's capacity to retain counsel on his or her own behalf;

   5. The extent to which a case is likely to turn on credibility determinations; and,

      6. Whether the case will require testimony from expert witnesses.

---

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

The issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand. Cooper has thus far demonstrated the ability to successfully litigate this case on his own, including his ability to prepare and file motions in this case which are understandable. A review of Cooper's filings confirms that he is capable of representing himself despite his incarceration. Any concern on Cooper's part about the need for counsel in the future to assist in discovery and trial preparation is premature at this time in light of the pending motion to dismiss. Accordingly, his motion for appointment of counsel will be denied, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

**ACCORDINGLY, THIS 1st DAY OF MAY, 2007, IT IS HEREBY ORDERED AS FOLLOWS:**

1.     Defendants' motion for enlargement of time within which to submit their brief in support of their motion to dismiss (Doc. 5) is **grant**ed nunc pro tunc. Defendants shall file their supporting brief on or before May 11, 2007.

2. Following the submission by Defendants of their brief in support of the motion to dismiss, Plaintiff shall be afforded fifteen (15) days within which to file a supplement to his brief in opposition to the motion to dismiss filed prematurely on April 11, 2007.

3. Plaintiff's motion for the appointment of counsel (Doc. 3) is **denied without prejudice.**

                                              s/Edwin M. Kosik
                                              United States District Judge