UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE X. COOPER, :
      Plaintiff :
 :
   v. : CIVIL NO. 3:CV-07-620
 :
JEFFREY BEARD, et al., : (Judge Kosik)
      Defendants :

## **MEMORANDUM**

**I.    Background**

    Bruce X. Cooper, an inmate currently confined at the State Correctional Institution at Frackville (SCI-Frackville), Pennsylvania, originally filed this action in the Schuylkill County Court of Common Pleas, Pennsylvania. On March 30, 2007, Defendants filed a Notice of Removal in this court. In the civil rights complaint pursuant to 42 U.S.C. § 1983, Plaintiff names the following Department of Corrections defendants: Jeffrey Beard, Secretary; Sharon Burkes, Chief Grievance Officer; and Ulrich Klemm, Administrator of Religions and Voluntary Services. Also named as defendants are SCI-Frackville employees Robert Shannon, Superintendent, and Chaplain Barry Brown, Director of Religions. In the complaint, Plaintiff alleges that Defendants violated his rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., by failing to allow him to freely practice his choice of religion - -

Muhammad's Temple of Islam (also referred to as the Nation of Islam).

On July 2, 2007, the court issued a Memorandum and Order granting in part and denying in part a motion to dismiss filed by Defendants. (Doc. 16.) The motion was granted to the extent that Defendant Beard was dismissed from this action. The motion was denied in all other respects. On September 21, 2007, a scheduling Order was issued directing that all discovery in this case be completed within sixty (60) days and any dispositive motions filed by the parties within thirty (30) days from the close of discovery. (Doc. 24.) Presently pending are Plaintiff's second motion for the appointment of counsel (Doc. 25) and motion to add a defendant (Doc. 26). For the reasons that follow, the motion for counsel will be denied without prejudice and the motion to add a defendant will be granted.

**II.     Discussion**

    **A.     Motion for Counsel**

On May 1, 2007, this Court issued a Memorandum and Order denying Plaintiff's first request for the appointment of counsel in this matter. (Doc. 6.) In support of that motion, Plaintiff argued that: (1) he is unable to afford counsel; (2) the case involves complex issues; (3) he has limited ability to litigate due to his incarceration; and (4) a lawyer is better equipped to conduct the trial in his case. In denying the motion, the Court set forth the governing legal principles in addressing a motion for counsel. These standards will not be repeated herein. In so doing, the

Court found that the issues involved in this matter are straightforward and Plaintiff had demonstrated he is capable of litigating the matter on his own. In support of the instant motion, Plaintiff sets forth many of the same arguments previously rejected by the Court. He also argues, however, that he is no longer assisted by a fellow inmate. While this may be true, Plaintiff's recent filings still continue to demonstrate his ability to litigate this action on his own. Plaintiff's concern about the need for counsel to properly conduct any trial in this matter is still premature at this juncture. As such, the motion for counsel will be denied without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

### B. Motion to Add Defendant

Plaintiff has filed a motion seeking to add a Defendant in this matter. He claims that Donald Kelchner, at the relevant time Supervising Superintendent at SCI-Frackville, was directly involved in rendering the final decision to deny his right to practice his choice of religion. He claims that he did not become aware of Kelchner's involvement until May 18, 2007, when he was referenced in Defendants' brief in support of their motion to dismiss. Plaintiff states that as soon as he became aware of Kelchner's involvement, he filed a grievance on June 5, 2007, to attempt to first exhaust his claims against Kelchner. (Doc. 26 at 2.) He claims that he has waited over 130 days and still has not received a response to his grievance. Because no

3

available remedies exist to exhaust through the grievance system, he seeks to add Kelchner to the existing complaint at this time. Along with his motion, Plaintiff submits a document entitled "Complaint" setting forth his claims against Kelchner. (Doc. 27.)

It is well-established that Rule 15(a) of the Federal Rules of Civil Procedure provides the court with discretion to grant or deny leave to amend a pleading. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The rule, however, advises that "leave shall be freely given when justice so requires," Fed. R. Civ.. P. 15(a), and, in general, courts liberally permit parties to amend their pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984); Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment." Id. at 182; see also Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002). A denial of leave to amend where none of these factors are present is an abuse of discretion. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). "It is well-settled

4

that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., 573 F.2d at 823.

In the instant case there is no indication that there is any bad faith or dilatory motivation behind Plaintiff's request to amend his complaint.  Plaintiff states that he first became aware of Kelchner's involvement in the alleged denial of his constitutional rights in May of 2007, and attempted to exhaust his claims against Kelchner prior to moving to add him as a defendant in this action.  He contends that any delay in seeking to add Kelchner is due to the lengthy period of time he has been waiting to receive a response to his grievance.  As such, he moves to add Kelchner as a defendant at this time.  In addition, Defendants have not filed any opposition to the motion.  While discovery has closed in this matter, the addition of Kelchner as a defendant would not necessarily prejudice the existing Defendants as additional discovery is probably not necessary.  As such, the motion to add Kelchner will be granted.  The complaint will be construed to consist of Documents 1 and 27, as Document 27 sets forth the claims against Kelchner.  The Clerk of Court will be directed to add Kelchner as a defendant in this action.  The United States Marshal will be directed to serve Kelchner with the standing complaint.  In light of the addition of the new defendant in this action, the time for filing dispositive motions

5

will be extended until January 21, 2008.[1]  An appropriate Order follows.

---

[1] The Court assumes that the newly added defendant will most likely be represented by the same counsel who currently represents the other named defendants in this action.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE X. COOPER,                          :
                                          :
        Plaintiff                         :
                                          :
    v.                                    :    CIVIL NO. 3:CV-07-620
                                          :
JEFFREY BEARD, et al.,                    :    (Judge Kosik)
                                          :
        Defendants                        :

## ORDER

**NOW, THIS 29th DAY OF NOVEMBER, 2007, IT IS HEREBY**

**ORDERED AS FOLLOWS:**

1. Plaintiff's second Motion for the Appointment of Counsel (Doc. 25) is **denied without prejudice**.

2. Plaintiff's Motion to Add Donald Kelchner as a defendant (Doc. 26) is **granted**. Documents 1 and 27 are construed to be the standing complaint in this action. The Clerk of Court is directed to add Kelchner to the docket as a defendant in this action.

3. The United States Marshal is directed to serve the complaint (Docs. 1, 27) on Donald Kelchner, the newly named defendant.

4. The dispositive motions deadline in this case is extended until January 21, 2008.

                                    *s/ EDWIN M. KOSIK*
                                    United States District Judge