UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE X. COOPER,                          :
                                          :
       Plaintiff                         :
                                          :
  v.                                      : CIVIL NO. 3:CV-07-0620
                                          :
JEFFREY BEARD, <u>ET</u> <u>AL</u>.,             : (Judge Kosik)
                                          :
       Defendants                        :

## **O R D E R**

### **Background**

Bruce X. Cooper, an inmate presently confined at the State Correctional Institution at Frackville, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Defendants filed a Notice of Removal on March 30, 2007. Cooper names six (6) Department of Corrections employees, most employed at SCI-Frackville. On July 2, 2007, a motion to dismiss filed by Defendants was granted in part and denied in part. The motion was granted to the extent that Defendant Beard was dismissed from this action. (Doc. 16.) The remaining Defendants were directed to file an answer to the complaint. An answer was thereafter submitted on July 30, 2007. (Doc. 22.) Presently pending is Plaintiff's Motion to Withdraw the Complaint filed on January 11, 2008. (Doc. 35.) In the motion Plaintiff states that he and the

Defendants have reached a settlement in this matter and that he wishes to withdraw the pending action. He does not attach a copy of the signed agreement. Nevertheless, in the motion, Plaintiff clearly requests to withdraw the complaint and have the action dismissed. He requests the dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).[1] Because an answer has been filed by Defendants in this case and Plaintiff has not filed a copy of a stipulation of dismissal signed by all parties, the pending motion will be construed as a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).[2] The court will grant Plaintiff's motion and his action will be dismissed without prejudice to his renewal of his claims. However, Plaintiff is forewarned that

---

[1] Federal Rule of Civil Procedure 41(a)(1) provides:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

[2] Federal Rule of Civil Procedure 41(a)(2) provides:

> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . .

renewal of his claims is subject to Pennsylvania's statute of limitations for a personal injury action.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985).

**ACCORDINGLY, THIS 15th DAY OF JANUARY, 2008, IT IS HEREBY ORDERED THAT:**

> 1. Plaintiff's Motion to Withdraw (Doc. 35) is construed as a request for voluntary dismissal of his civil rights claims under Federal Rule of Civil Procedure 41(a)(2).
>
> 2. The request for voluntary dismissal (Doc. 35) is **granted** and the complaint is dismissed without prejudice.
>
> 3. Plaintiff's pending motion to compel (Doc. 29) is **dismissed as moot**.
>
> 4. The Clerk of Court is directed to **close this case**.

*s/EDWIN M. KOSIK*
United States District Judge